IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicholas Bush, <br><br> Plaintiff, <br><br> vs. <br><br> Savannah River Nuclear Solutions, LLC, Jeffrey Griffin, and Sean Alford, <br><br> Defendants. | C/A No.: 1:25-6777-MGL-SVH <br><br><br> REPORT AND RECOMMENDATION |

Nicholas Bush ("Plaintiff"), proceeding pro se, filed this claim on July 3, 2025, against his former employer, Savannah River Nuclear Solutions, LLC, ("SRNS") and his former coworkers, Jeffrey Griffin and Sean Alford (collectively "Defendants"). Under Local Civ. R. 73.02(B)(2)(g) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the complaint without prejudice.

The undersigned reviewed Plaintiff's complaint, identified deficiencies, and issued a proper form order and an order and notice on July 17, 2025. [ECF Nos. 9, 10]. Plaintiff subsequently filed an amended complaint on August 7, 2025, and a supplement to the amended complaint on August 12, 2025. [ECF Nos. 12, 17]. He filed the amended complaint on a complaint for violation of

civil rights form. [ECF No. 12]. Plaintiff alleged that while he was employed by SRNS from January 2022 through October 2023, he was subjected to harsh and unfair treatment that led him to file several complaints with the onsite equal employment opportunity department and the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 4. In his supplement, Plaintiff states he filed a complaint with the South Carolina Human Affairs Commission ("SCHAC") and attaches a charge of discrimination dated February 29, 2024. [ECF No. 17 at 1, 2]. He requested an extension of time to retain legal counsel. *Id.* at 1.

On August 13, 2025, the undersigned issued a second order and notice advising Plaintiff of deficiencies in his amended complaint and a second proper form order directing him to complete, sign, and return the complaint for employment discrimination form and to provide a copy of the "Notice of Right to Sue" letter. [ECF Nos. 18, 19]. Plaintiff was permitted until September 30, 2025, to comply with the orders. *Id.*

On September 9, 2025, the undersigned issued a rule to show cause order, as Plaintiff had not filed a second amended complaint, a copy of the "Notice of Right to Sue," or a motion for an extension of time to comply with the court's prior orders. [ECF No. 22]. Plaintiff was permitted until September 30, 2025, to comply with the court's prior orders. *See id.*

A review of the docket shows no response from Plaintiff or indication that documents mailed to Plaintiff have been returned. Therefore, it appears Plaintiff received and declined to respond to the court's prior orders and does not intend to proceed with this case.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's prior orders, the undersigned concludes he does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff files a second amended complaint and a copy of the "Notice of Right to Sue" letter within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to take such action, the Clerk shall forward this Report

and Recommendation to the district judge for disposition.

    IT IS SO RECOMMENDED.

October 6, 2025                           Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).